**Nos. 14-2006, 14-2050, 14-2101**
_____

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT
_____

**GREGORY THOMAS BERRY, et al.,**

*Plaintiffs-Appellees,*

and

**LEXISNEXIS RISK & INFORMATION ANALYTICS GROUP INC., SEISINT, INC., and REED ELSEVIER INC.,**

*Defendants-Appellees,*

v.

**MEGAN CHRISTINA AARON and the Aaron Objectors,
SCOTT HARDWAY and the Hardway Objectors,
and ADAM E. SCHULMAN,**

*Parties-in-Interest-Appellants.*

_____

## MOTION TO ALLOW DEFENDANTS-APPELLEES AND PLAINTIFFS-APPELLEES TO FILE SEPARATE RESPONSE BRIEFS

_____

Pursuant to Local Rule 28(d), defendants-appellees LexisNexis Risk & Information Analytics Group Inc., Seisint, Inc., and Reed Elsevier Inc. (collectively, "LexisNexis") respectfully request that LexisNexis be permitted to file a separate response brief from plaintiffs-appellees.

Under Local Rule 28(d), motions to file separate briefs are granted "upon a particularized showing of good cause." 4th Cir. R. 28(d). Rule 28(d) provides an

example that satisfies the good-cause standard for allowing the filing of separate briefs: "cases in which the interests of the parties are adverse." *Id.*

This is such a case. Plaintiffs and LexisNexis are all appellees in this appeal even though they are adverse parties with adverse interests. Plaintiffs allege in this case that LexisNexis purportedly violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* Plaintiffs' complaint brought claims on behalf of the named plaintiffs and putative classes of plaintiffs. Although LexisNexis denied plaintiffs' allegations, plaintiffs and LexisNexis reached a settlement. The settlement agreement provides for, inter alia, certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure. The appellants here objected in the district court to approval of the settlement agreement. The district court approved the settlement over the appellants' objections.

Plaintiffs' and LexisNexis's interests are aligned only insofar as both sides support the district court's approval of the settlement agreement. On essentially every other question, however, plaintiffs' and LexisNexis's interests are adverse. Given their differing, adverse views on the merits, it would be exceedingly difficult for plaintiffs and LexisNexis to agree on the content of a single brief in this Court responding to the appellants' arguments. For example, LexisNexis argued at length in the district court that plaintiffs' claims would have been dismissed on summary judgment had they been litigated and that their fundamental

2

weakness is a factor to be considered in assessing the fairness of the settlement. *See* Defendants' Mem. in Support of the Parties' Joint Mot. for Final Approval of the Proposed Settlement 8-26. Plaintiffs, on the other hand, acknowledged LexisNexis's "substantial defenses" but maintained that they "believe strongly in their case." Plaintiffs' Mem. in Support of Joint Mot. for Final Approval of Class Action Settlement 23.

Given their differences, plaintiffs and LexisNexis did not agree on the content of a single set of briefs in support of the settlement agreement in the district court but instead filed separate briefs. LexisNexis requests leave to do so in this Court as well.

In cases involving objections to class-action settlements, courts of appeals regularly permit the plaintiffs and defendants to file separate briefs. *See, e.g.*, *In re Magsafe Apple Power Adapter Litig.*, Nos. 12-15757, 12-15782 (9th Cir.); *In re Nutella Mktg. & Sales Practices Litig.*, Nos. 12-3456, 12-3457, 12-3458, 12-4424, 12-4629 (3d Cir.); *Laguna v. Coverall N. Am., Inc.*, No. 12-55479 (9th Cir.); *Redman v. RadioShack Corp.*, Nos. 14-1471, 14-1470, 14-1658 (7th Cir.); *Blessing v. Sirius XM Radio, Inc.*, No. 11-3696 (2d Cir.); *Dewey v. Volkswagen Aktiengesellschaft*, Nos. 13-1123, 13-1124 (3d Cir.). This Court should follow the same approach here.

Counsel for plaintiffs have informed counsel for LexisNexis that they do not oppose this motion. Counsel for appellants have informed counsel for LexisNexis that they oppose this motion.

For the foregoing reasons, LexisNexis respectfully requests that the Court grant leave for LexisNexis and plaintiffs to file separate response briefs.

                                                     Respectfully submitted,

Dated:  December 22, 2014        /s/ Joseph R. Palmore
JOSEPH R. PALMORE
MARC A. HEARRON
MORRISON & FOERSTER LLP
2000 Pennsylvania Avenue NW
Washington, DC 20006
Telephone:  (202) 887-6940
Facsimile:   (202) 887-0763
JPalmore@mofo.com

*Counsel for Defendants-Appellees
LexisNexis Risk & Information
Analytics Group, Inc., Seisint, Inc., and
Reed Elsevier Inc.*

4

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit by using the appellate CM/ECF system on December 22, 2014.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.


Dated:  December 22, 2014                /s/ Joseph R. Palmore
                                         Joseph R. Palmore